# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0601V
UNPUBLISHED

|  |  |
|---|---|
| GUNVANTBHAI BHAKTA,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 11, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Theodore J. Hong, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On April 23, 2019, Gunvantbhai Bhakta filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome (GBS) that was caused by an influenza ("flu") vaccine administered on August 17, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 26, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On January 8, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $90,081.68, consisting of $90,000.00 for pain and suffering and $81.68 for past unreimbursed medical expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $90,081.68 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

```
*************************************
GUNVANTBHAI BHAKTA,               *
                                 *
              Petitioner,        *          No. 19-601V
                                 *          Chief Special Master Corcoran
v.                               *
                                 *
SECRETARY OF HEALTH AND          *
HUMAN SERVICES,                  *
                                 *
              Respondent.        *
*************************************
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 26, 2020, respondent filed a Rule 4(c) Report, conceding that petitioner's claim

meets the Table criteria for a SIRVA injury. On that same day, the Court issued a Ruling on

Entitlement finding petitioner entitled to compensation under the Vaccine Act.

## I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

the following, and requests that the Chief Special Master's decision and the Court's judgment

award:

a. a lump sum payment of **$90,000.00**, which represents compensation for pain and suffering, *see* 42 U.S.C. § 300aa-15(a)(4), and

b. a lump sum payment of **$81.68**, which represents compensation for past unreimbursed medical expenses, *see* 42 U.S.C. § 300aa-15(a)(1).

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

## II.   Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that petitioner be awarded a lump sum payment of **$90,081.68**, in the

form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone: (202) 616-4181

Dated:  January 8, 2021